IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA MARIE C., | § § § § § § § § § § § | |
| Plaintiff, | | |
| | | No. 3:20-cv-1328-BN |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | | |
| Defendant. | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Christina Marie C. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

## Background

Plaintiff alleges that she is disabled as a result of carpal tunnel; scoliosis; migraines; back, hand, wrist, and arm problems; osteoarthritis; insomnia; and tremors. After her applications for disability insurance benefits and supplemental security income ("SSI") benefits were denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on September 23, 2019. *See* Dkt. No. 22-1 at 48-78. At the time of the hearing, Plaintiff was 38 years old. She is a high school graduate and has past work experience as a cashier, parking lot attendant, and security guard dispatcher. Plaintiff has not engaged in substantial gainful activity since August 16, 2016.

1

The ALJ found that Plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that Plaintiff suffered from degenerative disc disease of the cervical spine, status-post three-level fusion, degenerative disc disease of the thoracic and lumbar spines, degenerative joint disease of the hip, obesity, carpal tunnel syndrome, bilateral hand and/or arm tremor, migraines, major depressive disorder, and panic disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of sedentary work but could not return to her past relevant employment. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a semiconductor bonder, patcher, and table worker -- jobs that exist in significant numbers in the national economy.

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. Plaintiff challenges the hearing decision on two general grounds: (1) the assessment of her residual functional capacity is not supported by substantial evidence and results from reversible legal error, and (2) the ALJ used the wrong legal standard in evaluating Plaintiff's subjective complaints.

The Court determines that the hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage

3

in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1)

objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

Among the arguments Plaintiff makes is a single ground that compels remand –the ALJ's RFC finding is not supported by substantial evidence.[1]

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "The ALJ makes an RFC determination based on all the relevant medical and other evidence in the record," *Gonzales v. Colvin*, No. 3:15-cv-685-D, 2016 WL 107843, at *9 (N.D. Tex. Jan. 11, 2016) (citing 20 C.F.R. § 404.1545(a)(1)), and "is entitled to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and testimony accordingly." *Fontenot*, 661 F. App'x at 277 (quoting *Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990)). "Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing. The absence of such a statement, however, does not, in itself, make the record incomplete." *Ripley*, 67 F.3d at 557 (citing 20 C.F.R. § 404.1513(b)(6)). "[W]here no medical statement has been provided, [the Court's] inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record." *Id.*; *accord Gutierrez v. Barnhart*, No. 04-11025, 2005 WL 1994289, at *7 (5th Cir. Aug. 19, 2005) (citation omitted).

Plaintiff contends the ALJ's RFC is not supported by substantial evidence because after the ALJ concluded the medical opinions addressing the functional effect of Plaintiff's severe impairments were unpersuasive, she relied on her own lay interpretation of the objective medical data to determine Plaintiff's RFC.

The Commissioner does not appear to dispute that the ALJ determined the Plaintiff's RFC based on her own interpretation of the medical records – without obtaining an updated medical source statement. But the Commissioner responds that what Plaintiff characterizes as the ALJ substituting her opinion for that of a medical professional is actually the ALJ properly interpreting the medical evidence to determine Plaintiff's capacity for work. *See* Dkt. No. 29 at 6 (quoting *Taylor*, 706 F.3d at 603).

In *Ripley*, the United States Court of Appeals for the Fifth Circuit found that the ALJ's determination was not substantially supported where there was evidence in the record indicating that the claimant suffered from and received treatment for his medical condition but no medical professional's assessment of how that condition impacted the claimant's ability to work. *See Ripley*, 67 F.3d at 557. The same is true here.

The only medical opinions in the record addressing Plaintiff's functional limitations were those of the non-examining state medical consultants. On April 24, 2018, Tina Ward, M.D. completed a residual functional capacity assessment. *See* Dkt. No. 22-1 at 85-88. Dr. Ward opined that Plaintiff can occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds; stand and/or walk a total of 4 hours in an 8-hour workday and sit a total of 6 hours in an 8-hour day; never climb ladders, ropes, or scaffolds but occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and occasionally reach overhead with her left upper

extremity. On September 10, 2018, Laurence Ligon, M.D., concurred in Dr. Ward's opinions and findings. *See id.* at 114-18.

The ALJ found the non-examining physicians' opinions unpersuasive because updated medical evidence received at the hearing level showed Plaintiff was more limited than previously determined. The ALJ explained that those opinions were not supported by the recent objective images of Plaintiff's spine, her continued left-sided weakness, and her continued bilateral hand tremors. *See id.* at 38-39; *Villalon v. Berryhill*, 4:17-cv-2182, 2018 WL 3489614, at *3 (S.D. Tex. June 18, 2018).

The ALJ pointed to two procedures performed on February 12, 2019. *See* Dkt. No. 22-1 at 27. An updated spinal myelogram revealed, despite a C4-7 anterior cervical discectomy and fusion on January 11, 2018, moderate ventral extradural defect at the level of C3-C4 more prominent on prone versus supine film, and no significant nerve root sleeve attenuation or amputations. *See id.* at 27, 510, 671, 674. And a CT scan of Plaintiff's cervical spine revealed status post ACDF of C3 to C7, central right posterior lateral disc herniation at C3-C4 that flattened the adjacent cervical cord and resulted in moderate central stenosis, posterior osteophytes at C4-C7 resulting in thecal sac indentation without significant contact of the spinal cord with uncovertebral hypertrophy and neural foraminal narrowing. *See id.* at 675. The ALJ also acknowledged that examination findings continued to reveal left-sided weakness and hand tremors throughout 2018 and 2019. *See id.* at 27, 641, 644, 661, 683, 732, 940.

Without obtaining an updated medical source statement, the ALJ determined Plaintiff had the RFC to perform a limited range of sedentary work. The ALJ found that Plaintiff can lift and/or carry up to 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for 2 hours in an 8-hour workday and sit for about 6 hours in an 8-hour workday; push and/or pull occasionally with her upper extremities; occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl; and never climb ladders, ropes, or scaffolds. With her bilateral upper extremities, Plaintiff can occasionally reach overhead and frequently reach in all other directions, handle, and finger. Plaintiff can have no exposure to extremes of heat or to unprotected heights. Plaintiff can perform simple, routine tasks and make simple decisions in an environment that involves few, if any, workplace changes. And Plaintiff can occasionally interact with supervisors, coworkers, and the public. *See id.* at 33-34.

But the ALJ fails to identify any evidence clearly establishing the actual effect Plaintiff's physical conditions had on her ability to work. *See Ripley*, 67 F.3d at 557. And it is improper for the ALJ to infer what Plaintiff's capabilities to work are based on her own interpretation of those records and especially from technical diagnostic evidence like that included in the updated medical records here. *See id.* at 557 n.27 ("Without reports from qualified medical experts, however, we cannot agree that the evidence substantially supports the conclusion that Ripley was not disabled because we are unable to determine the effects of Ripley's condition, no matter how 'small,' on his ability to perform sedentary work.").

The United States Court of Appeals for the Fifth Circuit has explained that, as a non-medical professional, the ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help." *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003). The Court of Appeals has reasoned that "'[c]ommon sense can mislead'" and "'lay intuitions about medical phenomena are often wrong.'" *Id.* (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). As the undersigned noted in *Montoya v. Berryhill*, "[c]ourts have therefore consistently found that an ALJ's RFC determination is not supported by substantial evidence when the ALJ has failed to either elicit or take into account the opinion of a treating or examining physician." No. 3:16-cv-1594-D-BN, 2017 WL 3835950, at *4 (N.D. Tex. Aug. 1, 2017) (citing *Ripley*, 67 F.3d at 557-58); *see also Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009) (holding that "the ALJ impermissibly relied on his own medical opinions as to the limitations presented by 'mild to moderate stenosis' and 'posterior spurring' to develop his factual findings"); *Butler v. Barnhart*, 99 F. App'x 559, 560 (5th Cir. 2004) ("There was no medical opinion or evidence submitted reflecting that, after Butler had two and one-half toes amputated from his left foot, he could perform work requiring standing or walking for six-hour periods during an eight-hour work day. Thus, there was not substantial medical evidence in the record to support the ALJ's determination."); *Tyler v. Colvin*, No. 3:15-cv-3917-D, 2016 WL 7386207, at *5 (N.D. Tex. Dec. 20, 2016) (concluding that "the ALJ impermissibly relied on his own medical opinion to develop his RFC determination").

The Court concludes that the ALJ's RFC finding is not supported by substantial evidence and the ALJ's failure to obtain an updated medical source opinion to help her determine Plaintiff's mental RFC is material and prejudicial.

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

DATED: February 22, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE